Randy **LEONARD**, Grant Coffey, Tom Chamberlain, Richard Grace, Manuel Fagundes, and The Portland Fire Fighters Association, Local 43 I.A.F.F., Plaintiffs,

v.

J.E. "Bud" **CLARK**, Richard "Dick" Bogle, Earl Blumenauer, Robert "Bob" Koch, Mike Lindberg, Barbara Clark, David Schaff, and the City of Portland, a municipal corporation, Defendants.

Civ. No. 90–392–FR.

United States District Court,
D. Oregon.

Feb. 27, 1991.

Kathryn T. Whalen, John S. Bishop, Bennett & Durham, Portland, Or., for plaintiffs.

Office of City Atty., Paul C. Elsner, Deputy City Atty., Portland, Or., for defendants.

## OPINION

FRYE, Judge:

The matters before the court are the cross-motions for summary judgment of plaintiffs, Randy Leonard, Grant Coffey, Tom Chamberlain, Richard Grace, Manuel Fagundes, and the Portland Fire Fighters Association, Local 43 I.A.F.F. (collectively, the Fire Fighters Association) (# 25), and of defendants, J.E. "Bud" Clark, Richard "Dick" Bogle, Earl Blumenauer, Robert "Bob" Koch, Mike Lindberg, Barbara Clark, David Schaff, and the City of Portland (collectively, the City of Portland) (# 29).

The Fire Fighters Association and the individual plaintiffs filed this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a). Plaintiffs seek an order declaring Article V, a clause in the labor agreement between the City of Portland and the Fire Fighters Association, unconstitutional under the First and Fourteenth Amendments to the United States Constitution and injunctive relief preventing the defendants from applying and enforcing Article V.

The Fire Fighters Association states the following claims for relief under federal law:

1) that Article V is overbroad and therefore violates the rights guaranteed to them under the First Amendment to the United States Constitution; and

2) that Article V is vague and violates rights guaranteed to them under the First and Fourteenth Amendments to the United States Constitution.

## UNDISPUTED FACTS

Plaintiffs Leonard, Coffey, Chamberlain, Grace and Fagundes are employed by the City of Portland as fire fighters and are members of the bargaining unit of the Fire Fighters Association. Leonard is the president of the Fire Fighters Association; Coffey is a member of the executive board of the Fire Fighters Association; Chamberlain serves as secretary-treasurer of the Fire Fighters Association; and Grace serves as a member of the negotiating team for the Fire Fighters Association. The Fire Fighters Association is the exclusive bargaining representative for various classifications of fire fighters employed by the City of Portland. The Fire Fighters Association is experienced in the negotiation of labor agreements.

The City of Portland is a municipal corporation, and all relevant actions taken by the City of Portland were carried out under color of the laws of the State of Oregon. Defendants Clark, Bogle, Blumenauer, Koch, Lindberg, Barbara Clark, and Schaff are officers or agents of the City of Portland who are responsible for enforcing Article V of the labor agreement which is the subject of this dispute.

The Fire Fighters Association and the City of Portland are parties to a labor agreement, which provides, in relevant part, as follows:

Article V—Credit for Legislated Benefits

During the life of the agreement, legislative issues specifically endorsed or sponsored by the Portland Fire Fighters Association that result in action by the state legislature and which result in any new economic or benefit improvement causing increased payroll costs to the City beyond those stipulated at the time of mutual contract ratification, such costs shall be charged against applicable salary agreement whenever the changes become effective.

Exhibit 3 to Plaintiffs' Statement of Facts, p. 4 (Complaint, para. 10). Article V has been a part of the labor agreement between the City of Portland and the Fire

Fighters Association since 1981.[1] The Fire Fighters Association and the City of Portland spent significant periods of time negotiating the terms of the labor agreement. Throughout these negotiations, the Fire Fighters Association was represented by counsel knowledgeable in labor law.

## CONTENTIONS OF THE PARTIES

The Fire Fighters Association contends that Article V of the agreement violates the United States Constitution because 1) it is overbroad on its face and chills the exercise of the freedom of expression of the Fire Fighters Association under the First Amendment to the United States Constitution; and 2) it is vague and chills the exercise of the rights of the Fire Fighters Association under the First and Fourteenth Amendments to the United States Constitution.

The City of Portland contends that this court does not have jurisdiction to hear this dispute because the Fire Fighters Association has not presented a case or controversy and is seeking an advisory opinion. The City of Portland also contends that 1) Article V of the labor agreement does not violate the rights guaranteed to the members of the Fire Fighters Association under the First Amendment to the United States Constitution or, in the alternative, that the members of the Fire Fighters Association waived their rights under the First Amendment to the United States Constitution by entering into the labor agreement; and 2) Article V of the labor agreement is neither vague nor overbroad.

## APPLICABLE STANDARD

Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 951 (9th

Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). This burden "may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden shifts to the nonmoving party to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

Assuming that there has been adequate time for discovery, summary judgment should then be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When different ultimate inferences can be reached, summary judgment is not appropriate. *Sankovich v. Life Ins. Co. of N. Am.,* 638 F.2d 136, 140 (9th Cir.1981). Finally, summary judgment is inappropriate where credibility is at issue. Credibility issues are appropriately resolved only after an evidentiary hearing or full trial. *SEC v. Koracorp Indus.,* 575 F.2d 692, 699 (9th Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).

## ANALYSIS AND RULING

*Has the Fire Fighters Association demonstrated the existence of a case or controversy sufficient to invoke the jurisdiction of this court?*

Article III of the United States Constitution provides that parties seeking to invoke the powers of the federal courts must demonstrate the existence of an actual case or controversy.

■ On its face, Article V applies only to the Fire Fighters Association. Therefore,

---

**1.** The language of Article V was originally proposed by the Fire Fighters Association in 1981.

the individual plaintiffs, who are not parties to the labor agreement, cannot demonstrate the existence of a case or controversy that is necessary to invoke the jurisdiction of this court.

The Fire Fighters Association challenges Article V as it is written rather than as it has been applied. Facial challenges to legislation which involve first amendment rights receive special consideration under the case or controversy requirement of Article III of the United States Constitution. *United States v. Grace*, 461 U.S. 171, 187, 103 S.Ct. 1702, 1712, 75 L.Ed.2d 736 (1983) (Marshall, J., concurring in part and dissenting in part). The Ninth Circuit has recognized that unconstitutionally overbroad statutes can "chill protected expression by causing 'a continuous and pervasive restraint on all freedom of discussion that might reasonably be regarded as within [their] purview.'" *J-R Distribs., Inc. v. Eikenberry*, 725 F.2d 482, 486 (9th Cir. 1984) (quoting *Thornhill v. Alabama*, 310 U.S. 88, 98, 60 S.Ct. 736, 742, 84 L.Ed. 1093 (1940). "Only by permitting facial attacks on such statutes can the unfettered exercise of first amendment freedoms be protected." *Id.*

The court finds that the Fire Fighters Association has presented a case or controversy sufficient to invoke the jurisdiction of this court.

*Did the Fire Fighters Association waive its first amendment rights by signing the labor agreement?*

Even if the court were to conclude that Article V violated rights guaranteed to the Fire Fighters Association under the United States Constitution, the Fire Fighters Association would not be entitled to an injunction prohibiting any application of Article V if the Fire Fighters Association voluntarily restricted or agreed to waive the full exercise of those constitutional rights by entering into the labor agreement with the City of Portland.

The question of whether a party has waived or voluntarily limited a federally guaranteed constitutional right is controlled by federal law. *Brookhart v. Janis*, 384 U.S. 1, 4, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314 (1966). The Supreme Court of the United States has recognized that constitutional rights, like rights and privileges of lesser importance, may be waived where the facts and circumstances surrounding the waiver make it clear that the party waiving its rights has done so voluntarily, with full understanding of the consequences of its waiver. *Patterson v. Illinois*, 487 U.S. 285, 108 S.Ct. 2389, 2395–96, 101 L.Ed.2d 261 (1988); *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 145, 87 S.Ct. 1975, 1986, 18 L.Ed.2d 1094 (1967).

In *D.H. Overmyer Co. of Ohio v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), and *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), the United States Supreme Court outlined the factors to be considered in determining whether there has been a valid contractual waiver of a constitutionally guaranteed right. These factors were summarized by the Third Circuit Court of Appeals in *Erie Telecommunications, Inc. v. City of Erie, Pa.*, 853 F.2d 1084, 1097 (3d Cir.1988). In *Erie*, the court held that a party is deemed to have voluntarily and knowingly waived its constitutional rights through a contract where 1) the parties to the contract have bargaining equality; 2) the parties have negotiated the terms of the contract; and 3) the waiving party is advised by competent counsel and has engaged in other contract negotiations. *Erie* at 1096.

The Fire Fighters Association contends that as to 3) above, it did not voluntarily and knowingly waive its constitutional rights because Article V is so vague and ambiguous that the Fire Fighters Association could not have known what it was waiving at the time it entered into the labor agreement.

The court finds, however, that Article V is not so vague and ambiguous that the Fire Fighters Association was not aware of the consequences of the waiver at the time it entered into the labor agreement with the City of Portland. Article V simply restricts by the agreement of the parties the ability of the Fire Fighters Association to endorse or sponsor legislative

issues which result in increased economic or benefit improvement which causes increased payroll costs to the City of Portland beyond those stipulated at the time of mutual contract ratification without financial consequence. There is no evidence that Article V was not a freely negotiated contractual term, voluntarily agreed to by the Fire Fighters Association with the advice of competent counsel.

When federal claims are dismissed before trial, pendent state claims should also be dismissed. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Because of its holding on the federal issues raised by the Fire Fighters Association, the court declines to exercise jurisdiction over the claims brought under the Oregon Constitution.

## CONCLUSION

The Fire Fighters Association's motion for summary judgment (# 25) is denied. The City of Portland's motion for summary judgment (# 29) is granted. The court will file a judgment in favor of defendants as of this date.

## JUDGMENT

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of defendants and against plaintiffs.